IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ALEJANDRA TORRES-RIVERA,**

    Plaintiff,

    v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al.,**

    Defendants.

CIVIL NO. 07-1620 (GAG)

**OPINION AND ORDER**

Plaintiff Alejandra Torres-Rivera brings this action against the Puerto Rico Electric Power Authority ("PREPA") and others pursuant to 42 U.S.C. § 1983 alleging, inter alia, political discrimination and violation of plaintiff's rights under the First, Fifth, and Fourteenth Amendments.[1] PREPA moved for summary judgment alleging that the claims are time-barred and, alternatively, that the claims should be dismissed on the merits. For the reasons stated herein, the court **GRANTS** PREPA's motion for summary judgment (Docket No. 35).

**I.    Standard of Review**

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case.

---

[1] Plaintiff is also claiming damages under Articles 1802 and 1803 of the P.R. Civil Code. See P.R. Laws Ann. Tit. 31 §§ 5141 and 5142.

Celotex, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**II.     Relevant Material Facts and Procedural Background**

Consistent with the summary judgment standard, the court states the facts in the light most favorable to plaintiffs. See Iverson, 452 F.3d at 98. Additionally, in accordance with Local Rule 56, the court credits only facts properly supported by accurate record citations. See D.P.R. L.Civ.R 56(e). The court has disregarded all argument, conclusory allegations, speculation, and improbable inferences disguised as facts. See Forestier Fradera, 440 F.3d at 21; Medina-Muñoz v. R.J. Reynolds Tabacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

Plaintiff has been an employee of PREPA since 2000. From 2000 to February 2003 she held the position of Interim Supervisor of the Occupational Health Nursing Division. After one year of occupying her position as Interim Director, the plaintiff requested to be appointed as a regular employee by way of memoranda dated August 24, 2001 and October 18, 2001. Defendants did not act on plaintiff's request arguing that, because of her employment classification, she was not eligible for a regular employee appointment. Beginning on November 27, 2001, the plaintiff filed a series of administrative complaints officially requesting her appointment. Nothing was done by the defendants regarding plaintiff's requests. On February 28, 2003, the plaintiff was terminated from her position and, as a result of her emotional distress due to her employment situation, she sought

**Civil No. 07-1620 (GAG)**                              3

medical treatment. On March 1, 2003, the plaintiff was offered the position of Administrative Coordinator of the Electric System at the Palo Seco Station. The position of Administrative Coordinator is not related in any way with the plaintiff's educational and employment background and entailed a degradation in employment classification within PREPA, as well as a reduction in salary. On January 29, 2004, a Job Opening Announcement for the Position of Primary Help and Prevention Section Supervisor was published. Plaintiff applied for said position but another candidate was appointed. On April 2, 2004, Mr. Jorge Cuevas Marengo notified plaintiff, in writing, that he was going to recommend Ms. Sandra Medina Burgos to the position of Primary Help and Prevention Section Supervisor.

On March 29, 2005, plaintiff filed a complaint in this court. Civil No. 05-1343. On July 12, 2006, the plaintiff moved for voluntary dismissal without prejudice. On July 11, 2007 the complaint in the instant case was filed (Docket No. 1). Plaintiff claims political discrimination and violation of plaintiff's rights under the First, Fifth, and Fourteenth Amendments as well as violations of Articles 1802 and 1803 of the Puerto Rico Civil Code. On April 9, 2008, defendant PREPA filed a motion for summary judgment (Docket No. 35), on January 24, 2009 plaintiff opposed PREPA's motion (Docket No. 59), and on February 20, 2009 PREPA replied (Docket No. 71).

**III.    Discussion**

    **A.    Time-Barred Claims: Failure to Convert Plaintiff's Appointment from Interim Director to Regular Employee & Termination of Plaintiff as Interim Director and Subsequent Hiring as Administrative Coordinator of the Electric System at the Palo Seco Station**

In Moran Vega v. Cruz Burgos, 537 F.3d 14 (1st Cir. 2008), the First Circuit explained the statute of limitations period that is used in section 1983 claims in Puerto Rico. The Court held that section 1983 borrows its limitations period from state law and, therefore, carries a one-year statute of limitations in Puerto Rico. Moran Vega, 537 F.3d at 20.[2] It is federal law, however, which

---

[2] Section 1983 claims are analogous to claims under Article 1802 of the Puerto Rico Civil Code. Actions under Article 1802 have a one-year statute of limitations. See P.R. Laws Ann. tit.

**Civil No. 07-1620 (GAG)**                            4

determines when the statute of limitations begins to run. Id. (citations omitted). Section 1983 claims generally accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. Id. (citations omitted). A plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt. Id. (citations omitted). In the employment discrimination context, "[the First Circuit] has rejected the contention that claims do not accrue until the plaintiff knows of both the injury and the discriminatory animus." Marrero-Gutierrez v. Molina, 491 F.3d 1, 6 (1st Cir. 2007). In the instant case, the clock began running: 1) when defendants rejected plaintiff's request to be appointed as a regular employee after having served as Interim Director; and 2) when plaintiff's position as Interim Director was terminated and she was offered a position as Administrative Coordinator of the Electric System at the Palo Seco Station. It was then that the plaintiff became aware of the injury on which this action is based. These events took place in 2001 and 2003, respectively. Thus, they fall well beyond the one-year statute of limitations for actions under section 1983.[3]

Plaintiff argues that these claims are not time-barred because they are part of continuing violations against the plaintiff. The last claim (the failure to hire plaintiff as Primary Help and Prevention Section Supervisor) is not time-barred given that it took place in 2004 and an action was brought in this court before the one-year statute of limitations expired in 2005.[4] However, the court finds that the three events that took place in 2001, 2003, and 2004 are not continuing violations and, therefore, the 2001 and 2003 claims are time-barred. Under the doctrine of "continuing violations," a plaintiff can recover for injuries that occurred outside the statute of limitations under certain

---

31 § 5298.

[3] The claims were also time-barred when the first action, Civil No. 05-1343, was filed in this court in 2005. The court, *infra*, explains that these claims are not part of continuing violations against the plaintiff, hence, were time-barred when the claim was filed in 2005.

[4] That claim was dismissed without prejudice. Civil No. 05-1343. The plaintiff re-filed her claim within a year of the voluntary dismissal of Civil No. 05-1343, thus, the claim is not time-barred in this instance.

**Civil No. 07-1620 (GAG)**                        5

narrow exceptions. Perez-Sanchez v. Public Building Auth., 531 F.3d 104, 107 (1st Cir. 2008). There are two types of continuing violations:

> Serial violations are composed of a number of discriminatory acts emanating from the same discriminatory animus, each act constituting a separate [actionable] wrong. Plaintiff bears the burden of demonstrating that at least one discriminatory act occurred within the limitations period. It is not enough to show that plaintiff is merely feeling the effects of some earlier discriminatory action. In other words, there is a critical distinction between a continuing act and a singular act that brings continuing consequences in its roiled wake. Systemic violations, on the other hand, need not involve an identifiable discrete act of discrimination transpiring within the limitation period. Rather what must be shown is that plaintiff has been harmed by the application of a discriminatory policy or practice and that such policy continues into the limitations period.

Muñiz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir. 1994) (citations omitted). "Although the name of the doctrine may sound auspicious for late-filing plaintiffs, it does *not* allow a plaintiff to avoid filing suit so long as some person continues to violate his rights." Perez-Sanchez, 531 F.3d at 107. "The 'continuing violation' doctrine is misnamed. . . . The office of the misnamed doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought." Morales-Tañon v. Puerto Rico Electric Power Auth., 524 F.3d 16, 18-19 (1st Cir. 2008) (quoting Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 801 (7th Cir. 2008) (Posner, J.)). This court finds that the three events that took place in 2001, 2003, and 2004 are all separate, discrete, actionable acts, therefore, not continuing violations. See, e.g., National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112-14 (2002) ("This Court has also held that discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period. [. . .] Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). PREPA's acts of not appointing plaintiff to a permanent position in 2001, and subsequently terminating her in 2003, are all discrete, independent, and actionable acts, in and of themselves. For the abovementioned reasons, the court holds that the 2001 and 2003 claims are time-barred and, therefore, the courts **GRANTS** defendants' motion for summary judgment as to those claims.

**B.     Failure to Hire Plaintiff as Primary Help and Prevention Section Supervisor**

*(i)     Due Process*

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. A plaintiff asserting a procedural due process claim must show that she had a property interest as defined by state law and that the defendant, acting under color of state law, deprived him of that property interest without constitutionally adequate process. Santiago-Perez v. State Insurance Fund Corp., 534 F. Supp. 2d 233, 241 (D.P.R. 2007); see also, Morales-Tañon, 524 F.3d at 19 (holding that plaintiff had failed to state a procedural due process claim because he had not alleged a property interest under state law in the opening of an application process for the president's position). In order "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [. . .] He must, instead, have a legitimate claim of entitlement to it." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). This court, in the case of Soto Gonzalez v. Rey Hernandez, 310 F. Supp. 2d 418 (D.P.R. 2004), held that where a person applies and is interviewed for a position, but no employment contract is signed and no appointment is made, the person does not have a property interest in that position. See also, Santiago-Perez, 524 F. Supp. 2d at 243 (holding that the plaintiff had no property interest in interviewing for a position). In the instant case, the plaintiff applied and was interviewed for the position of Primary Help and Prevention Section Supervisor. She was not appointed to the position and, for that reason, no employment contract was signed. Therefore, this court concludes that she did not have a property interest over the position. The plaintiff has failed to prove one of the two elements of a violation of procedural due process. For that reason, the court **GRANTS** defendants' motion for summary judgment as to the due process claim. Given that there is no property interest in being appointed to an open position, the court need not decide whether the PREPA's appeals process was appropriate to satisfy due process.

*(ii)    Political Discrimination under the First Amendment*

A plaintiff bringing a political discrimination claim under the First Amendment bears the burden of producing sufficient evidence from which a jury may infer that plaintiff's constitutionally protected conduct was a substantial or motivating factor behind the adverse employment action.

1  Maymi v. Puerto Rico Ports Auth., 515 F.3d 20, 28 (1st Cir. 2008) (citing Acevedo-Diaz v. Aponte,
2  1 F.3d 62, 66 (1st Cir. 1993)). An adverse employment action includes not only a discharge or a
3  demotion, but also a government entity's refusal to promote, transfer, recall after a layoff, or even
4  hire an employee. Morales-Tañon, 524 F.3d at 19 (citing Rutan v. Republican Party of Ill., 497 U.S.
5  62, 79 (1990)). Plaintiff in the instant case claims that her constitutionally protected conduct (being
6  a member of the New Progressive Party ("NPP")) was a substantial factor in not getting hired as
7  Primary Help and Prevention Section Supervisor. Not hiring the plaintiff could constitute an adverse
8  employment action by the defendants. Nonetheless, the plaintiff has failed to introduce any
9  admissible evidence to support her contention that she was discriminated against for being a member
10 of the NPP in violation of the First Amendment. Evidence presented in support or in opposition to
11 a motion for summary judgment must contain admissible information. See 10A Charles Alan
12 Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738 (Civil 3d 1998).
13 Plaintiff's Statement Under Penalty of Perjury (Docket No. 60, Ex.1) is the only evidence proffered
14 by the plaintiff in support of her contention that she was discriminated against. Paragraph 26 states:
15 "[t]hat after receiving the April 2, 2004 letter from Mr. Jorge Cuevas Marengo[,] Ms. Sahudi del
16 Mar Torres Varela informed [the plaintiff] that Mr. Cuevas Marengo told her that the interview
17 process for that position was academic inasmuch as he had instructions from Aileen Feliciano to
18 appoint Sandra Medina Burgos because she was affiliated with the PDP." This is clearly
19 inadmissible hearsay given that the plaintiff is testifying about a statement made by her interviewer
20 to a third party, who in turn communicated it to the plaintiff, and such statement is offered for its
21 truth. Moreover, it is the only piece of evidence proffered by the plaintiff as to this claim.
22 Therefore, the plaintiff has failed to proffer any admissible evidence in support of her claim of
23 political discrimination in violation of the First Amendment. Therefore, the court **GRANTS**
24 defendants' motion for summary judgment as to the political discrimination claim.
25          *(iv)   Articles 1802 and 1803 of the Puerto Rico Civil Code*
26          In any action under Articles 1802 and 1803 the plaintiff has to prove that there was: 1)
27 culpable conduct; 2) that such conduct was the cause of plaintiff's damage; and 3) that there was an
28 actual damage. See P.R. Laws Ann. Tit. 31 §§ 5141 and 5142. Given that the plaintiff has failed

**Civil No. 07-1620 (GAG)**                              8

to proffer any admissible evidence to show that she was discriminated against, the court cannot find that there was any culpable conduct by the defendants. Therefore, an essential element of a claim under Articles 1802 and 1803 of the Puerto Rico Civil Code cannot be proven. For that reason, the court **GRANTS** defendants' motion for summary judgment as to the Articles 1802 and 1803 claim.

**IV.    Conclusion**

For the reasons discussed above, the court **GRANTS** PREPA's motion for summary judgment (Docket No. 35).

**SO ORDERED**.

In San Juan, Puerto Rico this 25th day of February, 2009.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ
United States District Judge